ELIZABETH MARY GAUGER, PLAINTIFF, v.
JOHN JOSEPH GAUGER, DEFENDANT.

Superior Court of New Jersey
Chancery Division

January 13, 1975.

*Mr. Samuel R. DeLuca,* for the plaintiff (*Messrs. Krivit, Miller, Galdieri & DeLuca,* attorneys).

*Mr. Samuel F. Penza,* for the defendant (*Mr. Leo H. McCarthy,* of counsel and on the brief).

HECKMAN, J. S. C. The parties to this suit were divorced by a judgment entered May 15, 1974, upon the ground urged in defendant's counterclaim that they had lived separate and apart for at least eighteen or more consecutive months and that there was no reasonable prospect of reconciliation. *N. J. S. A.* 2A:34–2(d). The complaint, though abandoned and withdrawn at the hearing, had been filed on May 23, 1973. Custody, child support and visitation were agreed upon and the request for alimony was waived.

The only point of contention involves the possible equitable distribution of real property, more specifically, 91 acres of farmland located in Monmouth County, New Jersey, acquired by defendant husband and his mother as joint tenants with right of survivorship, on December 8, 1941. Plaintiff and defendant were married on September 28, 1946. Defendant's mother died on August 3, 1972.

The question presented is whether the death of the mother resulted in the acquisition by the husband of property subject to equitable distribution upon his divorce. In view of the nature of a joint tenancy with the right of survivorship and the recent case of *Painter v. Painter,* 65 *N. J.* 196 (1974), the answer must be negative.

*Babbitt v. Day,* 41 *N. J. Eq.* 392–393 (Ch. 1886) states: "On the decease of one joint tenant, the survivor holds the whole property under and by virtue of the original grant, and holds no part of it in any wise under the decedent".

This principle has been cited in later treatises and New Jersey cases, to wit: 48 *C. J. S.* Joint Tenancy § 1–b, page 911, "The joint tenant who survives does not take the moiety of the other tenant from him or as his successor, but takes it by right under the conveyance or instrument by which the joint tenancy was created". Cf. *Burlington County Trust Company v. Casteliccala,* 2 *N. J.* 214 (1949); *New Jersey Title Guaranty and Trust Company v. Archibald,* 90 *N. J. Eq.* 384 (Ch. 1919); *aff'd* 91 *N. J. Eq.* 82 (E. & A. 1919); William E. Burby, *Real Property,* 3d ed.

1966, Chapter 18, § 94; Blackstone, *Commentaries,* 180 (Lewis ed. 1897).

■ ■ Defendant acquired ownership of the realty, not based upon the death of his mother in 1972 but upon the original grant in the 1941 deed by which he and his mother took title as joint tenants prior to his marriage in 1946. Property owned by a husband or wife prior to marriage is immune from equitable distribution in a divorce proceeding.

The court finds the subject realty was not acquired by the defendant during coverture and is not subject to possible equitable distribution under *N. J. S. A.* 2A:34–23.